## THE STATE *vs.* LEE & NORTON.

[APPLICATION TO COMMISSIONERS' COURT FOR CORRECTION OF TAX ASSESSMENT.]

1. *Tax on auction sales.*—The tax imposed by law on the gross amount of auction sales, (Code, § 391, subd. 17,) is to be assessed against and paid by the auctioneer, and not by the owner of the property sold.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. NAT. COOK.

THE appellees in this case, who were licensed auctioneers in the city and county of Montgomery, applied to the commissioners' court of said county, at its April term, 1861, for an amendment and correction of the taxes assessed against them for the tax year ending on the 1st of March, 1860; alleging in their petition, that, during said tax year, they had sold at auction in said city real estate belonging to divers persons, the proceeds of which sales amounted in the aggregate to $43,742 50, and that the county assessor had assessed against them a tax of one per cent. on the

gross amount of said sales; which tax, as they insisted, ought to have been assessed against the several owners of said real estate, who were shown to be resident citizens of said county. The commissioners' court held the assessment correct, and refused to make the proposed amendment; and the appellees then removed the proceedings, by *certiorari*, into the circuit court. The circuit court overruled a demurrer to the petition, reversed the judgment of the commissioners' court, and ordered the assessment to be amended as asked by the petitioners. Exceptions were reserved on the part of the State to these several rulings of the circuit court, and they are here assigned as error.

M. A. BALDWIN, Attorney-General, for the State.
JNO. A. ELMORE, *contra*.

STONE, J.—Section 391 of the Code declares, that "Taxes are to be assessed by the assessor in each county, on and from the following subjects, and at the following rates:"     *     *     *     *.     Subd. "17. On the gross amount of all auction sales made in or during the tax year preceding the assessment, except cargo sales of foreign imports, those made by executors, administrators and guardians, as such, by order of court, or under legal process, and under any deed, will or mortgage; on every hundred dollars, and at that rate, one dollar."

The present record raises the question, whether this tax of one per cent. is to be paid by the auctioneer, or by the owner of the property sold. We hold that the auctioneer is the party who must pay this tax, for the following reasons: Section 392 of the Code declares, that "All persons engaged in any business or pursuit, the receipts, sales, commissions of which, or capital employed, are subject to assessment under the preceding section, must keep correct accounts of the same for the tax year preceding such assessments, and exhibit the results of the same to the tax-collector, verified by oath." We suppose this is a verbal inaccuracy, and that the meaning is, that it shall be exhib-

ited to the tax-assessor. Thus construed, it would seem to contemplate that the subjects of taxation should be rendered in by the auctioneer. It is difficult to conceive why taxables should be rendered in by one person, and the assessments made against another. But section 410, subdivision 3, is still more explicit. It declares, that assessments are to be made "on all sales and purchases subject to taxation, to the person making the same, or his agent, in the county in which such sales or purchases are made." In addition to these plain indications in the statutes, we can well conceive of a legislative policy which would select a resident auctioneer, rather than a possibly non-resident proprietor, from whom to collect the assessments on auction sales. This policy, we think, was carried into the legislation.

The judgment of the circuit court is reversed; and this court, proceeding to render such judgment as the circuit court should have rendered, doth hereby order and adjudge, that the petition of the appellees, Messrs. Lee & Norton, be dismissed, at their costs, in the circuit court and in this court.